CANDLEWOOD LANDING CONDOMINIUM ASSO-CIATION, INC. *v.* TOWN OF NEW MILFORD (15383)

O'Connell, Heiman and Stoughton, Js.

Argued October 30, 1996—officially released January 14, 1997

*Monte E. Frank*, with whom was *David L. Gropins*, for the appellant (plaintiff).

*Kim E. Nolan*, with whom, on the brief, was *Pamela D. Siemon*, for the appellee (defendant).

O'CONNELL, J. The dispositive issue in this appeal is whether a condominium association has standing to

appeal a municipal tax assessment of the common areas of a condominium.[1] The plaintiff claims that the trial court improperly granted the defendant's motion to dismiss for lack of aggrievement. We reverse the judgment of the trial court.

The record discloses the following facts. The plaintiff Candlewood Landing Condominium Association, Inc. (association), is a nonstock Connecticut corporation organized pursuant to General Statutes § 47-243.[2] The association consists of the owners of the thirteen units of the Candlewood Landing condominiums. In addition to their units, members of the association each own an undivided 7.692 percent interest in the common elements of the condominium.

On October 1, 1993, the town of New Milford assessed the condominium's units and the common elements. The plaintiff appealed that assessment to the board of tax review on behalf of the unit owners. The board of tax review reduced the assessed value of the units but refused to reduce the assessment of the common elements. The association appealed to the Superior Court from the board of tax review's decision. The trial court granted the defendant's motion to dismiss for lack of aggrievement and the association appealed to this court.

---

[1] The plaintiff's following claims are subsumed under the central issue set forth in the body of this opinion. (1) Can an association bring a tax appeal of an unjust valuation of the common interest community? (2) Did the trial court incorrectly fail to distinguish between a common interest community and common elements? (3) Does a common interest community include the units and the common elements? (4) Is the association an aggrieved party?

[2] General Statutes § 47-243 provides in pertinent part: "The membership of the association at all times shall consist exclusively of all unit owners or, following termination of the common interest community, of all former unit owners entitled to distributions of proceeds under section 47-237 or their heirs, successors or assigns. The association shall be organized as a profit or nonprofit corporation, trust, partnership or unincorporated association."

We are asked to construe various sections of the Common Interest Ownership Act, General Statutes §§ 47-200 through 47-295. It is undisputed that the plaintiff recorded the necessary declaration to bring itself within the ambit of the act.[3] A common interest community is defined as "real property described in a declaration with respect to which a person, by virtue of his ownership of a unit, is obligated to pay for (A) real property taxes on, (B) insurance premiums on, (C) maintenance of, or (D) improvement of, any other real estate other than that unit described in the declaration." General Statutes § 47-202 (7).

The act defines a condominium as "a common interest community in which portions of the real property are designated for separate ownership and the remainder of the real property is designated for common ownership solely by the owners of those portions. A common interest community is not a condominium unless the undivided interests in the common elements are vested in the unit owners." General Statutes § 47-202 (8). In a condominium, the term common elements means "all portions of the common interest community other than the units." General Statutes § 47-202 (4). "It is elementary to say that what is not a unit is a common element, if it is within the real estate owned by the condominium association." *Grey* v. *Coastal States Holding Co.*, 22 Conn. App. 497, 503, 578 A.2d 1080, cert. denied, 216 Conn. 817, 580 A.2d 57 (1990). Each unit owner owns an undivided fractional interest in the common elements.

The taxing scheme for condominiums is established by General Statutes § 47-204 (b) (2) as follows: "[E]ach unit shall be separately taxed and assessed, and no separate tax or assessment may be rendered against

[3] General Statutes § 47-220 provides in pertinent part: "(a) A common interest community may be created pursuant to this chapter only by recording a declaration executed in the same manner as a deed . . . ."

any common elements . . . ." Included in the unit owner's tax assessment is his fractional share of the common elements. The trial court reasoned that because the common elements are taxed to the individual unit owners, only the unit owners may appeal the assessments. This would be a reasonable interpretation if there were no other relevant statutes.

The act, however, confers on a condominium association the power to "[i]nstitute, defend or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community." General Statutes § 47-244 (a) (4). Thus, the question immediately before us is whether § 47-244 (a) (4) includes the right to take tax appeals on behalf of unit owners.

The objective of statutory construction is to give effect to the intended purpose of the legislation. *State* v. *Spear*, 234 Conn. 78, 86, 662 A.2d 80, cert. denied 516 U.S. 1009, 116 S. Ct. 565, 133 L. Ed. 2d 490 (1995). If the language of a statute is plain and unambiguous, courts need look no further than the words used because courts assume that the language expresses legislative intent. *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 646, 662 A.2d 1251 (1995). Common sense must be used and courts will assume that the legislature intended to accomplish a reasonable and rational result. *King* v. *Board of Education*, 203 Conn. 324, 332–33, 524 A.2d 1131 (1987). We must presume that each sentence, clause and phrase in a public act has a purpose and that the legislature did not intend to enact a meaningless law. *Turner* v. *Turner*, 219 Conn. 703, 713, 595 A.2d 297 (1991). Section 47-244 (a) (4) would be meaningless if we agreed with the trial court that, despite the statute's clear terminology, an association lacked standing to appeal a tax assessment on a condominium's common elements.

Furthermore, § 47-244 (a) (4) contains no exceptions or limitations on a condominium association's authority to act on behalf of the unit owners as long as at least two unit owners agree. If we affirmed the trial court we would be effectively amending § 47-244 (a) (4) by adding a clause to the effect that, *except for litigation pertaining to tax appeals,* a condominium association may act in litigation and administrative proceedings. We decline to participate in such judicial legislation.

The plaintiff also urges us to reverse the trial court because of public policy considerations. Although the condominium in this case is small—only thirteen units—we cannot ignore the realities of condominium development in this state. Many condominiums consist of hundreds of units. If we construe the tax appeal statute to require that each unit owner bring an individual tax appeal for his fractional ownership of the common elements, we will have burdened the court system and the municipalities with hundreds of cases where a single action by the association could have accomplished the same result more speedily and efficiently. Furthermore, such a construction might well have the practical effect of making tax appeals in large condominiums virtually impossible.

We must avoid interpreting a statute that would have it function in a difficult and possibly bizarre fashion. *Ford Motor Credit Co.* v. *B. W. Beardsley, Inc.,* 208 Conn. 13, 19, 542 A.2d 1159 (1988); *Texaco Refining & Marketing Co.* v. *Commissioner of Revenue Services,* 202 Conn. 583, 593, 522 A.2d 771 (1987). Application of common sense is not to be excused in statutory interpretation. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 13 Conn. App. 239, 250, 536 A.2d 962, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988).

We conclude that pursuant to § 47-244 (a) (4) a condominium association has standing to bring an appeal

from the assessment of the common elements of the condominium.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.