JOAN FUNARO *v.* BARBARA BAISLEY,
TRUSTEE, ET AL.
(AC 19134)

Foti, Landau and Daly, Js.

Argued January 14—officially released May 9, 2000

*Barry T. Pontolillo*, for the appellant (named defendant).

*Lawrence J. Greenberg,* for the appellee (plaintiff).

*Opinion*

DALY, J. The named defendant, Barbara Baisley,[1] appeals from the judgment of the trial court granting specific performance of an option to purchase real estate. The defendant claims that the court improperly (1) misconstrued General Statutes § 47-33a and (2) found that the plaintiff, Joan Funaro, was not required to perform fully the terms of the option agreement, specifically, the tender of a promissory note and mortgage deed. We affirm the judgment of the trial court.

The following factual situation does not appear to be in dispute. On August 25, 1975, the plaintiff purchased from her mother-in-law, Agnes Funaro, a one-half interest in real property located at 617-619 Main Street (property) in East Haven for $24,000. On that same day, Agnes Funaro gave the plaintiff an option to purchase the remaining one-half interest in the property for $24,000, for the consideration of "one dollar and other good and valuable consideration." The purchase price was to be paid in 120 equal monthly installments secured by a promissory note and a mortgage on the entire property. The option provided that it was to be exercised by the plaintiff, or her heirs and assigns, by giving notice to the personal representative of the estate of Agnes Funaro within thirty days of the appointment of the representative.

On February 4, 1991, Agnes Funaro created the Agnes E. Funaro Irrevocable Trust (trust) and conveyed her remaining one-half interest in the property to her daughters, trustees Barbara Baisley and Louise Avallon, reserving a life use in the property for herself. On April 1, 1995, Agnes Funaro died and no probate estate was

---

[1] Louise Avallon, the other defendant in this action, is not a party in this appeal. Avallon and Baisley are trustees of the Agnes E. Funaro Irrevocable Trust. We refer in this opinion to Baisley as the defendant.

instituted. Thereafter, on April 24, 1995, the plaintiff notified the trustees of her intention to exercise the option. Avallon agreed to convey the interest the trust has in the property, but the defendant refused. This underlying action and the defendant's appeal ensued.

I

The defendant claims first that the trial court improperly misconstrued § 47-33a. She claims that since no date was specified for exercising the option, the plaintiff was required to exercise it within eighteen months of its execution, i.e., February 25, 1977, pursuant to § 47-33a (a). We disagree.

" 'Statutory construction is a question of law and therefore our review is plenary.' " *Jupiter Realty Co.* v. *Board of Tax Review*, 242 Conn. 363, 367, 698 A.2d 312 (1997). "If the language of a statute is plain and unambiguous, courts need look no further than the words used because courts assume that the language expresses legislative intent. *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 646, 662 A.2d 1251 (1995)." *Candlewood Landing Condominium Assn., Inc.* v. *New Milford*, 44 Conn. App. 107, 110, 686 A.2d 1007 (1997); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 50, p. 227. " 'When a statute does not define a term, it is appropriate to look to the common understanding expressed in the law and in dictionaries.' " *Beloff* v. *Progressive Casualty Ins. Co.*, 203 Conn. 45, 59, 523 A.2d 477 (1987).

General Statutes § 47-33a (a) provides in relevant part: "No interest in real property existing . . . under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it or, if the date is not so provided, longer than eighteen months after the date on which the agreement was executed, unless the interest

is extended as provided herein or unless action is commenced within the period to enforce the agreement and notice of lis pendens is filed as directed by section 52-325." "Date" is defined as "the time at which an event occurs" and "a statement of the time of execution or making . . . ." Merriam-Webster's Collegiate Dictionary (10th Ed. 1993). Here, the time at which the operative event occurred was the date of the death of Agnes Funaro, April 1, 1995. The defendant appears to construe § 47-33a (a) as a statute of limitations under which the plaintiff's option to purchase did not "survive" to the date the plaintiff brought her action for specific performance. We disagree with this argument and instead agree with the trial court that § 47-33a (a) had no applicability to the option in the plaintiff's purchase agreement until April 24, 1995, when she exercised her option to purchase within thirty days of the death of Agnes Funaro.

We agree also with the court's well reasoned memorandum of decision rejecting the defendant's reasoning that only if Agnes Funaro died within eighteen months of the date of the granting of the option, would the option be valid; this clearly does not embody the intent of the parties. While a specific *date* was not provided in the option to purchase agreement, a specific *event* was provided, i.e., Agnes Funaro's death. It becomes clear that this eighteen month "limitation" promulgated by the defendant obviously was not the intent of the parties because the option provided that it could be exercised not only by the plaintiff, but *also her heirs and assigns*.

II

The defendant claims also that the court improperly found that the plaintiff was not required to perform fully the terms of the option agreement. She claims that the court improperly failed to require the tender of a

promissory note and mortgage deed by the plaintiff to the representatives of the estate within thirty days of election. We disagree.

"[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . On appeal, we must give the evidence the most favorable construction in support of the judgment to which it is entitled." (Citation omitted; internal quotation marks omitted.) *Owens* v. *New Britain General Hospital*, 32 Conn. App. 56, 71, 627 A.2d 1373 (1993), aff'd, 229 Conn. 592, 643 A.2d 233 (1994).

The defendant claims that the tender of the note and mortgage by the plaintiff is a condition precedent to the performance of the option agreement. The plaintiff argues, conversely, that the defendant's refusal to transfer was an anticipatory breach and so the plaintiff was excused from further performance.

"A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. . . . A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence." (Internal quotation marks omitted.) *Sicaras* v. *Hartford*, 44 Conn. App. 771, 780, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). "An anticipatory breach of contract occurs when the breaching party repudiates his duty before the time for performance has arrived. . . . Its effect is to allow the nonbreaching party to discharge his remaining duties of performance, and to initiate an action without having to await the time for performance." (Internal quotation marks omitted.)

*Thames River Recycling, Inc.* v. *Gallo*, 50 Conn. App. 767, 791, 720 A.2d 242 (1998).

Here, no estate ever was opened because Agnes Funaro had no assets at the time of her death, and, indeed, the trust was the owner of the property, not the estate. The plaintiff, through her attorney, notified the trustees, who held legal title to the property, of her willingness to exercise her option, but the option was disavowed, as the defendant refused to transfer the property. The court excused the plaintiff from "performing futile acts," specifically, from petitioning the Probate Court to open an estate and to appoint a representative, as required by the terms of the option agreement. We agree with the well supported and reasoned conclusion of the trial court that "to satisfy her obligations under the option, the plaintiff was required to notify *the owners of the property* of her intention to exercise the option and her willingness and ability to provide the necessary documents. The formal notification to the trustees, given through counsel within thirty days of Agnes Funaro's death, of her intention to exercise the option and to execute the necessary promissory note and mortgage was sufficient compliance with the option." (Emphasis added.)

We conclude that the plaintiff's option in this case was enforceable. We cannot find that the trial court's conclusion was clearly erroneous.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

LANDAU, J., dissenting. Although I agree that General Statutes § 47-33a[1] does not bar the plaintiff from exer-

[1] General Statutes § 47-33a (a) provides: "No interest in real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it or, if the date is not so provided, longer than eighteen months after the date on which the agreement was executed, unless the interest is extended as provided herein or unless action is com-

cising her option to purchase the subject property (option), I respectfully dissent from the majority's opinion because the plaintiff has not complied with the terms of paragraph three of the option. Indeed, the plaintiff has not yet been able to exercise her option because no representative of Agnes Funaro's estate has been appointed by the Probate Court as the plaintiff and Agnes Funaro had agreed.

To resolve this appeal, certain terms of the option must be examined in their entirety. Paragraph three provides: "Notice of election to purchase hereunder by [the plaintiff], or her heirs or assigns, shall be in writing and *shall be given to the representative of my estate on or before thirty (30) days from the date that the representative of my estate is appointed by the Probate Court* for the District having jurisdiction of my estate." (Emphasis added.) Paragraph four of the option provides: "If [the plaintiff] and/or her heirs or assigns elects to exercise this option, the payment of the $24,000.00 shall be made . . . and shall be secured by the promissory note of [the plaintiff], or her heirs and assigns, which promissory note shall be secured by a mortgage . . . . The *note and mortgage shall be delivered to the personal representative of my estate* within thirty (30) days of the election . . . ." (Emphasis added.)

"Where . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . . In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *De Leonardis* v. *Subway Sandwich Shops, Inc.*, 35 Conn. App. 353, 357, 646 A.2d 230, cert. denied, 231 Conn. 925, 648 A.2d 162 (1994).

menced within the period to enforce the agreement and notice of lis pendens is filed as directed by section 52-325."

"The time fixed by the parties for performance is, at law, deemed of the essence of the contract. *Janulewycz* v. *Quagliano*, 88 Conn. 60, 63, 89 A. 897 [1914]." *Brandford Novelty Co.* v. *Technomatic, Inc.*, 142 Conn. 166, 170, 112 A.2d 214 (1955). In rejecting the defendant's argument that the option is unenforceable pursuant to § 47-33a, the trial court gave a well reasoned explanation why the option provided the time by which the plaintiff had to exercise her option, to wit, "The plaintiff could not exercise her option until Agnes Funaro died. . . . The plaintiff had purchased 50 percent of the property for $24,000 on the day the option was executed. Agnes Funaro wished to occupy her portion of the property until her death, yet was willing to sell the remaining 50 percent of the property to the plaintiff at the same figure of $24,000, but not until she died. While a specific date for the exercise of the option was not provided in the option, a specific event, for which the date could not be provided, was set forth in the option. The plaintiff had no control over that date, but it was a certainty to occur at some time in the future, and obviously the parties realized that the event might not occur for a long time because the option provided that it could be exercised by the plaintiff or her heirs and assigns."

The trial court then, however, decided that the appointment of a representative of Agnes Funaro's estate would be futile. This was improper. "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." (Internal quotation marks omitted.) *Sturman* v. *Socha*, 191 Conn. 1, 11–12, 463 A.2d 527 (1983). "A contract is to be construed as a whole and all relevant provisions will be considered together. . . . A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Citations omitted; internal

quotation marks omitted.) *Scinto* v. *Sosin*, 51 Conn. App. 222, 239, 721 A.2d 552 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999). " 'The question before us is not what the parties meant to bind themselves to do, nor what they supposed they had bound themselves to do, nor even what they ought to have bound themselves to do; it is simply what they have, as manifested by their written words, bound themselves to do.' " *Lakitsch* v. *Brand*, 99 Conn. 388, 394, 121 A. 865 (1923).

With respect to the case before us, if no representative is appointed, the plaintiff cannot determine the thirty days in which to exercise her option. Paragraph three does not say that the option must be exercised within thirty days of Agnes Funaro's death, which is essentially what the trial court has concluded. Trial courts may not impart contractual provisions that have not been agreed upon by the parties.

According to paragraph four, a representative of the estate must also be appointed to receive the plaintiff's mortgage and note. Presumably, the proceeds of the mortgage and note would flow to the estate for disbursement to the trust. Furthermore, a representative of the estate will be bound by the terms of the option and must accept the plaintiff's option if she exercises it in a timely fashion. The appointment of a representative of the estate who is bound to accept the plaintiff's timely exercise of her option will also avoid the situation that gave rise to this dispute.

For the foregoing reasons, I respectfully dissent.