[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE (#113 AND #115)
This case[1] arises out of a contract entered into between the plaintiff, Mohegan Tribal Gaming Authority (Mohegan) and the defendant, PNE Media, LLC (PNE) for the rental of an advertising space on a billboard from April 7, 1997 to March 31, 2000. The plaintiff claims the contract included a "right of First refusal" to renew the contract for another three year term. Both parties authorized agents to negotiate on their behalf in regard to the rental of the billboard for after the 1997 lease had expired. Third party defendant Mintz Hoke, Inc. (M H) was Mohegan's agent and third party defendant Out of Home America (OHA) was PNE's agent. Negotiations took place between PNE, OHA and M H and five contracts for the rental of billboards for March 2000 to March 2003 were executed by M H on August 31, 1999. PNE repudiated the contracts and rented the billboard to Mohegan's main competitor.
On March 8, 2000, Mohegan commenced this action and served its three count complaint against PNE for a violation of the Connecticut Unfair Trade and Practice Act (CUTPA), breach of contract and breach of the implied covenant of good faith and fair dealing. On June 23, 2000, PNE, as a third party plaintiff, filed a motion for permission to serve a writ, summons and complaint against M H and OHA, as third party defendants, which was granted and the two third party defendants were served. The two count third party complaint alleges claims for fraudulent misrepresentation and a violation of CUTPA.
On September 1, 2000, M H filed a motion to strike the third party complaint and a memorandum in support of the motion. On September 11, 2000, OHA filed a motion to strike the third party complaint and a memorandum in support of the motion. On October 31, 2000, PNE filed a memorandum in opposition to both M H's and OHA's motions to strike. On November 2, 2000, M H filed a reply memorandum in support of the motion to strike. OHA also filed a reply memorandum in support of the motion to strike.
 DISCUSSION
A. Motion to Strike Standard
CT Page 3287
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 250 Conn. 588. In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997).
B. Validity of the Third Party Complaint
Both third party defendants move to strike the third party complaint on the ground it fails to allege a connection between Mohegan's claims against PNE and PNE's third party claims against the two third party defendants, thus failing to state a cause of action as a third party plaintiff. The third party defendants argue that PNE has failed to allege how either third party defendant is liable to PNE for Mohegan's claims against PNE.
1. Third Party Complaint Standard
Pursuant to Practice Book § 10-11, "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to such defendant for all or part of the plaintiff's claims against him or her." General Statute § 52-102 (a) provides: "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable CT Page 3288 to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded."
The purpose of § 52-102a, like that of Rule 14(a), is to obviate the multiplicity of actions: Under § 52-102a, a party can implead a non-party even though the latter's ultimate liability to the plaintiff was as yet undetermined, so long as the impleading party shows that the impleaded party may be liable to them. "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him." Commissioner v. Lake PhippsLand Owners Corp., 3 Conn. App. 100, 102, 485 A.2d 580 (1985). "[T]here must be a showing that, under applicable law, the third party defendant may be liable to the plaintiff" Hartt v. Schwartz, Superior Court, judicial district of New Haven at New Haven, Docket No. 331912 (October 20, 1995, Martin, J.), citing Senior v. Hope, 156 Conn. 92, 239 A.2d 486
(1968).
"To determine whether, under the applicable law, a third party defendant may be liable to the defendant for the claims asserted against the defendant by the plaintiff, it is important to recognize the nature of a third party action, and the natural consequences thereof. A third party complaint is premised on the plaintiff prevailing against the defendant third party plaintiff. . . . Thus, for the purposes of a motion to strike the third party complaint on the ground that the third party defendants cannot, as a matter of law, be liable to the defendant for the claims by the plaintiff, it is necessary to assume that the jury found that the plaintiff established the elements of the cause or causes of action in the first party complaint against the defendant. . . . It is settled law that if a judgment in the first action against the defendant third party plaintiff rests on a fact fatal to recovery in the action over against the third party defendant, the latter action cannot be successfully maintained. . . ." (Citations omitted; internal quotation marks omitted.) Hartt v. Schwartz, Superior Court, judicial district of New Haven at New Haven, Docket No. 331912 (October 20, 1995, Martin,J.).
2. Existence of a Contract
In its motion to strike, MH argues that there is no connection between Mohegan's complaint and the third party complaint because PNE's sole allegation concerning M H is that M H made misrepresentations to Mohegan concerning the existence of a "binding contract" between Mohegan CT Page 3289 and PNE for the rental of the billboard for March 2000 to March 2003. M 
H argues that Mohegan does not allege that such a contract was created between the parties. (M H's memorandum, p. 5.) OHA similarly argues that the claims of Mohegan against PNE in the original complaint are totally remote from, and legally have no connection to, the claims made by PNE against the third party defendants. OHA argues that because the original complaint does not base any claim of liability against PNE upon any act alleged to have been performed by the third party defendant, the third party complaint has no relationship to the factual issues that are presented in the original complaint. (OHA's memorandum, pp. 4, 5.)
Mohegan's complaint alleges claims for a violation of CUTPA, breach of contract and breach of the implied covenant of good faith and fair dealing. None of Mohegan's claims are based on the breach of a contract for the period of March 2000 through March 2003. The claims are based upon a breach of the expired lease of April 1997 through March 2000 that included a right of first refusal. PNE argues that Mohegan has alleged that a contract was created for the lease of the billboard from March 2000 to March 2003, thus making PNE's claims against the third party defendants valid.
"To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties. . . ." (Citations omitted; internal quotation marks omitted.) LR Realty v. Connecticut NationalBank, 53 Conn. App. 524, 534, 732 A.2d 181 (1999). "Manifestation of assent to a contract may be made wholly or partly by written or spoken words or by other acts or by failure to act. . . . In order to form a binding and enforceable contract, there must exist an offer and an acceptance based on a mutual understanding by the parties. . . . The mutual understanding must manifest itself by a mutual assent between the parties." (Citations omitted; emphasis added in original; internal quotation marks omitted). Krondes v. O'Boy, 37 Conn. App. 430, 434,656 A.2d 692 (1995).
"An anticipatory breach of contract occurs when the breaching party repudiates his duty before the time for performance has arrived. . . . Its effect is to allow the nonbreaching party to discharge his remaining duties of performance, and to initiate an action without having to await the time for performance." (Internal quotation marks omitted.) Funaro v.Baisley, 57 Conn. App. 636, 640, ___ A.2d ___ (2000). "Repudiation, or an anticipatory breach, occurs when one side is not in default of its obligations and the other announces, in words or otherwise, that it will not perform." McCarthy v. Spakowski, Superior Court, judicial district of CT Page 3290 Hartford/New Britain at Hartford, Docket No. CVH 5909 (October 10, 1998,Beach, J.).
Mohegan's complaint contains facts that give rise to an allegation that a contract for the period of March 2000 through March 2003 was created. Mohegan alleges that: (1) M H told OHA of its intent to renew the lease for another three years; (2) OHA drafted a lease reflecting the terms decided on by the parties during negotiations; (3) the vice president of PNE approved the terms and authorized OHA to send the lease to M H; and (4) M H received the lease, accepted the terms, signed the lease and returned it to OHA. (Mohegan complaint, Count one, ¶¶ 15, 16.) Mohegan alleges that M H "executed five (5) billboard contracts." (Mohegan's complaint, Count one, ¶ 17.) Mohegan further alleges that "PNE informed M H that . . . the contract offered to MTGA and executed by Schweighoffer were repudiated." (Mohegan's complaint, Count one, ¶ 19.)
Mohegan alleges an offer and acceptance between PNE and Mohegan that was based upon mutual understanding. Mohegan further alleges that PNE repudiated the executed contracts. A repudiation of a contract takes place after a contract has been created. Funaro v. Baisley,57 Conn. App. 636, 640, ___ A.2d ___ (2000). Therefore, Mohegan alleges that a contract was created.
Despite the allegations that a contract for March 2000 through March 2003 was created, Mohegan's claims are not based on a breach of that contract. Mohegan's claims are based on, inter alia, a breach of the expired contract of April 1997 through March 2000.
In count one of PNE's third party complaint, the claim of misrepresentation is based upon the March 2000 through March 2003 contract. PNE alleges that: "OOHA made false and fraudulent representations to Mintz and/or MTGA that it was authorized, on behalf of PNE, to enter into a binding contract for the lease of the Billboard to MTGA" and "OOHA's misrepresentations were the direct and immediate cause of any damages sustained by MTGA." (PNE complaint, Count one, ¶¶ 11, 12.) As to M H, PNE alleges that "Mintz made false and fraudulent representations to MTGA that PNE had authorized the execution of a new contract for the lease of the Billboard to MTGA for the period March 15, 2000 through March 15, 2003" and "Mintz's misrepresentations were the direct and immediate cause of any damages sustained by MTGA." (PNE complaint, Count one, ¶¶ 14, 15.)
PNE's claims are based on misrepresentations made by the third party defendants regarding the March 2000 through March 2003 contract. That is not what Mohegan's claims against PNE are for. PNE has not alleged that CT Page 3291 the third party defendants are liable for Mohegan's claims against PNE. Thus, the third party defendants' argue their motions to strike should be granted as to Count one of PNE's third party complaint.
C. Count One: Fraudulent Misrepresentation[2]
Both third party defendants move to strike count one of the third party complaint on the grounds that PNE has not sufficiently alleged a cause of action for fraudulent misrepresentation "The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman, Trustee v.Kaspar, 233 Conn. 531, 539, 661 A.2d 530 (1995).
1. OHA
OHA moves to strike count one of the third party complaint on the ground that PNE has failed to allege a representation of fact, that OHA knew the statement to be untrue, that the representations were made to induce PNE to act or that PNE acted on act misrepresentation.
PNE's allegations against OHA are that: "OOHA made false and fraudulent representations to Mintz and/or MTGA that it was authorized, on behalf of PNE, to enter into a binding contract for the lease of the Billboard to MTGA" and "OOHA's misrepresentations were the direct and immediate cause of any damages sustained by MTGA." (PNE complaint, Count one, ¶¶ 11, 12.)
PNE argues that it has sufficiently alleged a cause of action for fraudulent misrepresentation. PNE alleges that OHA made a false representation as a statement of fact. PNE alleges that the representation was untrue: "OOHA was not authorized by PNE to enter into any binding contract . . ." (PNE's complaint, Count one, ¶¶ 7, 10.) PNE also alleges that OHA's misrepresentations were the direct cause of Mohegan's damages. But PNE does not allege that OHA knew the statement to be untrue nor that the statement was made to induce Mohegan to rely upon it.
2. M H
Mintz moves to strike count one of the third party complaint on the ground that PNE has failed to allege that Mintz made fraudulent representations to PNE or that PNE acted in reliance on the misrepresentations. CT Page 3292
PNE argues that it has sufficiently alleged a claim for fraudulent misrepresentation. PNE alleges that "Mintz made false and fraudulent representations to MTGA that PNE had authorized the execution of a new contract for the lease of the Billboard to MTGA for the period March 15, 2000 through March 15, 2003" and" Mintz's misrepresentations were the direct and immediate cause of any damages sustained by MTGA." (PNE complaint, Count one, ¶¶ 14, 15.)
PNE does not allege that M H knew the statement was untrue nor that the statement was made by Mintz to induce Mohegan to act upon it. PNE has not alleged all of the elements of fraudulent misrepresentation as to M 
H.
While PNE alleges that the elements of fraudulent misrepresentation need not be alleged, this is incorrect.
All of the elements of fraudulent misrepresentation must be alleged to survive a motion to strike. Premier Development v. Thompson, Superior Court, judicial district of Middlesex at Middletown, Docket No. 089331, (March 20, 2000, Arena, J.). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions." (Internal quotation marks omitted.) Doe v. Yale University,252 Conn. 641, 694, 748 A.2d 834 (2000). The courts cannot assume a fact, that has not been alleged. Mingachos v. CBS Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). The allegation that "Mintz made false and fraudulent representations . . ." is a legal conclusion. PNE has failed to allege the elements of a claim for fraudulent misrepresentation, therefore M H's and OHA's motions to strike count one of the third party complaint is granted as to both third party defendants.
D. Count Two: CUTPA
The Connecticut Unfair Trade Practice Act (CUTPA) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b(a). "CUTPA was designed by the legislature to put Connecticut in the forefront of state consumer protection." Heslinv. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 515,461 A.2d 938 (1983). "The policy behind CUTPA is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices." (Internal quotations marks omitted.) Suarez v.Sordo, 43 Conn. App. 756, 772, 685 A.2d 1144 (1996), cert. denied,240 Conn. 906, 688 A.2d 334 (1997).
Both third party defendants move to strike count two of the third party CT Page 3293 complaint on the ground that the third party complaint is deficient in that it fails to allege a connection between Mohegan's claims against PNE and PNE's third party claims against the two third party defendants. The third party defendants argue that PNE has failed to allege how either third party defendant is liable to PNE for any of the claims made by Mohegan.
PNE's CUTPA claims against the third party defendants are based on the allegations of count one of its third party complaint alleging acts by the third party defendants with regard to the March 2000 to March 2003 contract. This is not what Mohegan's claims are based on. Mohegan's CUTPA claim against PNE is based on, inter alia, PNE's failure to honor Mohegan's right of first refusal and PNE engagement in bad faith negotiations with Mohegan. (Mohegan complaint, Count one, ¶ 22.) Mohegan's CUTPA count is not based upon a breach of the lease for March 2000 through March 2003. PNE has not alleged how the third party defendants are liable to PNE for Mohegan's claims against PNE because Mohegan's claims are not based on the March 2000 to March 2003 contract. "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him."Commissioner v. Lake Phipps Land Owners Corp., supra, 3 Conn. App. 102.
M H argues that there is no connection between the original complaint and the third party complaint because PNE's sole allegation concerning M H is that it made misrepresentations to Mohegan concerning the existence of a "binding contract" between Mohegan and PNE but M H argues that Mohegan does not allege that a binding contract was created. (M H's memorandum, p. 5). OHA similarly argues that the claims of Mohegan against PNE in the original complaint are totally remote from, and legally have no connection to, the claims made by PNE against the third party defendants. OHA argues that because the original complaint does not base any claim of liability against PNE upon any act alleged to have been performed by the third party defendant, the third party complaint has no relationship to the factual issues that are presented in the original complaint. (OHA's memorandum, pp. 4, 5.)
PNE has alleged that "the third party Defendants constitute the conduct of trade or commerce pursuant to Conn. Gen. Stat. §§ 42-110a(4) and42-110b(a)." (PNE complaint, count two, ¶ 19.) PNE further alleges that "the Third Party Defendants are immoral, unethical, oppressive and/or unscrupulous, and have caused substantial injury to the third Party Plaintiff" (PNE complaint, count two, ¶ 20.) PNE further alleges that "[t]he foregoing actions of the third party defendants constitute unfair and/or deceptive trade practices in violation of Conn.Gen. Stat. § 42-110b, et. seq." (PNE complaint, Count two, ¶ CT Page 3294 21.)
PNE has not alleged a claim under CUTPA that alleges how the third party defendants are liable for Mohegan's claim against PNE. Therefore, the third party defendants' motion to strike should be granted as to Count two of the third party complaint.
 CONCLUSION
The third party defendants' motions to strike the third party complaint are granted.
McLachlan, J.