[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT
The plaintiff commenced this action against the defendant for damages for breach of a commercial lease. The plaintiff is the owner of property CT Page 10777 known as 4 Old Middle Street, Goshen, Connecticut. The defendant entered into a commercial lease with the plaintiff to lease the rear portion of the above referenced premises on February 2, 1998 as was proven by Plaintiff's Exhibit
1.
The commercial purpose was to allow the defendant/tenant to operate an Auto Sales and Repair Business. Paragraph C of the lease included a zoning contingency clause, which stated the following:
 C. Zoning Contingency Clause: Landlord will use Landlord's best efforts to obtain a written verification that Tenant can operate a Auto Sales and Repair Business at the demised premises. If Landlord is unable to obtain such commitment from the municipality, then this agreement shall be deemed null and void and Landlord shall immediately return all deposit monies to Tenant.
The testimony and evidence presented at trial indicated that the defendant was led to believe by the plaintiff that the property in question was already zoned for this commercial purpose due to the fact that a prior business on the premises, Goshen Tractor, had operated both as a sales and a repair service business.
However, upon the defendant filing an Application for Automobile Dealer's and Repairer's License for a Used Car Dealer with the Connecticut Department of Motor Vehicles (see Plaintiff's Exhibit 3), it was determined that the property was not zoned for this commercial purpose. The defendant did file an application with the Goshen Zoning Board of Appeals to have this site approved for automobile sales and repair services.
There were two hearings before the Goshen Zoning Board of Appeals, held on March 5, 1998 and April 2, 1998. The Court has reviewed the cassette tapes of the hearings (Defendant's Exhibits 4 and 5) as well as the minutes of those meetings (Defendant's Exhibits 1 and 2).
The Court concludes that the Goshen Zoning Board of Appeals would not grant the defendant's application to allow automobile sales on the premises. Based on the Zoning Board's. indication to deny the automobile sales use on the premises, the defendant notified the plaintiff on April 3, 1998, the day after the second Goshen Zoning Board of Appeals hearing, that he wished to rescind the commercial lease as the plaintiff was unable to comply with the zoning contingency in paragraph C of the CT Page 10778 lease.
The plaintiff's claim is that the defendant unilaterally rescinded the commercial lease. The plaintiff claims that he used his best efforts to comply with the zoning contingency because he assisted the defendant at the hearings before the Goshen Zoning Board of Appeals. The defendant asserts that the plaintiff's failure to obtain written verification of the zoning contingency in the commercial lease nullifies the lease.
In Funaro v. Baisley, 57 Conn. App. 636, at 641 (2000) the Appellate Court restated and confirmed the effect of a condition precedent in a contract as follows:
 "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. . . . A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence." (Internal quotation marks omitted.) Sicaras v. Hartford, 44 Conn. App. 771, 780, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997).
See also, Miceli v. Helyer, 40 Conn. App. 336, 341 (1996).
In addition to the contract law in Connecticut regarding the effect of a condition precedent, the rule of construction regarding the interpretation of contract terms is as follows as quoted by the Appellate Court in DeCarlo and Doll, Inc. v. Dilozir, 45 Conn. App. 633, at 640 (1997):
 "In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . ." (Internal quotation marks omitted.) Legg v. Legg, 44 Conn. App. 303, 306, 688 A.2d 1354 (1997).
In the Court's review of paragraph C of the commercial lease entered CT Page 10779 into by the parties in this matter, the language is clear and unambiguous that the plaintiff as landlord was to obtain written verification that the subject premises were properly zoned so that the defendant could operate an auto sales and repair business. There was no evidence provided by the plaintiff, either through testimony or by way of exhibits, that provided proof to the Court that the plaintiff had obtained zoning approval to operate an auto sales and repair business at the subject premises. By the very language in paragraph C, the commercial lease becomes null and void if the plaintiff fails to provide such written verification.
The Court concludes that the defendant's testimony and evidence was more credible and substantiates his claim that the commercial lease in this case was invalid for failure of the plaintiff to comply with the zoning contingency in the lease.
Accordingly, judgment shall enter in favor of the defendant on the plaintiff's complaint.
In addition, the defendant has filed a two count counterclaim. In the first count of the counterclaim, the defendant makes a claim for the return of a Five Thousand ($5000.00) Dollar deposit paid to the plaintiff. The plaintiff's complaint, paragraph 4, acknowledges payment and receipt of a $5000.00 deposit paid by the defendant to the plaintiff.
As indicated above, the Court finds that the plain language of paragraph C of the aforementioned lease indicates that if the plaintiff fails to satisfy the zoning requirement, then the lease becomes ". . . null and void and Landlord shall immediately return all deposit monies to Tenant." The Court already having found for the defendant on the plaintiff's complaint, finds for the defendant on the first count of the counterclaim. Therefore, judgment shall enter in favor of the defendant as against the plaintiff as to the first count of the counterclaim in the amount of Five Thousand ($5000.00) Dollars.
As to the second count of the defendant's counterclaim which alleges a claim of vexatious litigation against the plaintiff, the Court did not hear or receive any evidence during the course of this trial to substantiate this claim. Therefore, as to the second count of the counterclaim, judgment shall enter in favor of the plaintiff.
In conclusion, judgment in favor the defendant shall enter as to the plaintiff's complaint. Judgment shall enter in favor of defendant as to the first count of his counterclaim against the plaintiff in the amount of $5000.00. Judgment in favor of the plaintiff as to the second count of CT Page 10780 defendant's counterclaim. No costs are assessed as to either party.
AGATI, J.