[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
INTRODUCTION
The captioned matter is a partition action concerning several parcels of real property ("property") owned by three siblings. The court entered a judgment of partition by sale, from which the defendant Morris Silverstein ("Silverstein") appealed. The Appellate Court affirmed the judgment; see Mitchell v. Silverstein, 67 Conn. App. 58, 787 A.2d 20
(2001); in an opinion which recites the material facts of the case, and the Supreme Court denied certification. See Mitchell v. Silverstein,259 Conn. 931, 793 A.2d 1085 (2002).
Before the court is Silverstein's motion to void sale for lack of compliance with offer, and for breach of contract, dated May 2, 2002. The court conducted an evidentiary hearing on that motion, and the following facts are found:
After the court entered its judgment of partition by sale, it appointed Attorney Atherton Ryan ("committee") as its committee for sale, and the committee presented to the court for its approval a bond for deed agreement ("bond for deed") executed by the person to whom the committee proposed to sell the CT Page 10528 property, Michael Taylor (hereinafter, sometimes, "buyer");
The court approved the bond for deed;
 The bond for deed is in a form which is traditionally used in Connecticut by court appointed committees for sale;
 Concerning the buyer's obligation to pay to the committee the purchase price for the property, the bond for deed recites the receipt by the committee of a $10,000 deposit, and then provides the following:
 IN CONSIDERATION WHEREOF the said BUYER does hereby promise and agree to and with the said COMMITTEE that he will on or before 30 days after the time for appeal has expired and after the approval of the within sale by the Superior Court for Tolland County pay to the said COMMITTEE the further sum of Five Hundred Twenty-Nine Thousand ($529,000) Dollars, in addition to the payment already made, being the balance of the purchase money hereby agreed upon for the said tract of land as follows:
 1. $43,900.00 upon approval of the within sale by the Superior Court for Tolland County;
 2. $485,100.00 within thirty (30) days after the time for appeal has expired or if appealed, within thirty (30) days after all times for appeal have expired.
 *** And it is further agreed that if the said BUYER shall fail to make the several payments or any of them as herein before stated, he shall forfeit all claims to the premises described herein and all moneys paid in pursuance of the Agreement.
The bond for deed also provides that the buyer has the right to conduct an environmental inspection of the property "within thirty (30) days from the approval of this Agreement"; CT Page 10529
 At the time the court approved the sale to the buyer, back taxes were due on the property to the town of Bolton in the approximate amount of $70,000 (as acknowledged by Silverstein on the record);
 On September 8, 2000, Silverstein filed an appeal to the Appellate Court;
 On September 19, 2000, Silverstein filed, in this court, a motion for a cease and desist order to prevent the buyer from continuing to conduct an environmental inspection of the property while the appeal was pending;
 On March 19, 2001, this court ordered that no further environmental tests be conducted by the buyer "until 30 days from final decision of Appellate (r)eview";
 After the Appellate Court's opinion affirming the judgment was released, Silverstein requested certification to appeal to the Supreme Court;
 The Supreme Court denied certification on March 6, 2002, and the time during which Silverstein could have moved to reargue that denial expired 20 days thereafter;
 On May 2, 2002, the committee filed a motion to approve deeds, which has not yet been acted upon by the court;
 After the 30 day period following the "final decision of Appellate (r)eview" had expired, the buyer concluded, in a timely manner, his environmental inspection;
 Pursuant to the provisions of the bond for deed, the buyer paid to the committee, in a timely manner, $43,900 as the second installment of the purchase price;
 The bond for deed states "as to the Buyer, time is of the essence";
The provision that time is of the essence was included in the bond for deed at the buyer's CT Page 10530 insistence, and for his benefit;
 The buyer has, since the completion of the environmental inspection of the property, been ready, willing and able to perform his remaining obligations under the bond for deed upon the tender to him of appropriate deeds, and he has made the committee aware of that fact;
 It was the intent of the committee and the buyer that, pursuant to the bond for deed, a simultaneous exchange of money and title would be conducted;
 The committee and the buyer both oppose Silverstein's motion.
DISCUSSION
Silverstein has argued that, pursuant to the bond for deed, the buyer was required to pay to the committee the balance of the purchase price, $485,100, within the 30 days immediately following the Supreme Court's denial of certification, even though the form of the deeds to be used by the committee to convey the property had not then been approved by the court and even though the committee, at that time, had not yet tendered deeds to the buyer. Silverstein further argues that because the buyer did not make that payment of $485,100, he breached his obligation to do so under the bond for deed and thereby forfeited all his rights under the bond for deed, as well as his deposits totaling $53,900. Simply stated, Silverstein argues that the buyer's obligation under the bond for deed to pay the balance of the purchase price matured prior to, and independently of, the committee's obligation to convey the property.
The court also heard expert testimony concerning court ordered sales of real property in Connecticut, concerning the Connecticut real estate bar's construction of the terms of the traditional form of bond for deed entered into by court appointed committees for sale and concerning the bar's construction of the type of agreement entered into by the committee in this case. From that testimony, the following additional facts are found:
 A committee cannot deliver a deed until the form of that deed has been approved by the court;
A committee is obligated to convey marketable title; CT Page 10531
 In the absence of court approval, a committee deed does not convey marketable title;
 Committee bonds for deed which are in the same form as that used in this case are construed and understood to require, by custom and usage, a simultaneous exchange of money and title; and
 The time for performance by the committee of his obligation to convey is set out in the bond for deed, as follows:
 The said COMMITTEE doth hereby promise and agree to and with the said BUYER that immediately upon the faithful performance of the said BUYER's agreement hereinafter made he, the said COMMITTEE . . . will make and deliver to the said BUYER a good and sufficient Committee Deed."
Silverstein argues that the absence of an express provision in the bond for deed calling for a simultaneous exchange of the balance of the purchase price and the deeds compels the conclusion that the buyer's obligation matured some time ago, even though the committee is not, even now, in a position to convey. Silverstein also argues that his position is reinforced by the provision in the bond for deed that "as to the Buyer, time is of the essence."
The absence from the bond for deed of an express provision calling for a simultaneous exchange of money and deeds creates an ambiguity as to the date of maturation of the buyer's obligation to pay. To resolve that ambiguity, the court turns to the evidence. See United Illuminating Co.v. Wisvest-Connecticut, LLC, 259 Conn. 665, 675, 791 A.2d 546 (2002).
The committee's obligation to convey matures "immediately upon the faithful performance of the said BUYER'S agreement. . . ." The court construes the phrase "immediately upon" to require simultaneity. Accordingly, the buyer was obligated to pay the balance of the purchase price, and to accept deeds, within the time limited by the bond for deed, and the committee's inability to convey within "30 days after the time for appeal (has) expired" constituted, in a technical sense, an anticipatory breach. Such a breach does not void a contract, but rather "allow[s] the nonbreaching party to discharge his remaining duties of performance, and to initiate an action without having to await the time for performance." (Emphasis added; internal quotation marks omitted.)Funaro v. Baisley, 57 Conn. App. 636, 640, 749 A.2d 1205, cert. denied,254 Conn. 902, 755 A.2d 218 (2000); see also Thomas River Recycling,
CT Page 10532Inc. v. Gallo, 50 Conn. App. 767, 791, 720 A.2d 242 (1998). Thus, remedies belong to the nonbreaching party, in this case the buyer. Because the buyer has elected not to pursue any remedy, has waived any breach by the committee and desires that performance be completed by both parties, Silverstein is not a party who can seek a remedy for that breach.
As to the provision that time is of the essence, the court has found that that provision was included in the bond for deed at the buyer's insistence, and for his benefit. Accordingly, it is only the buyer, and not Silverstein, who can invoke, and seek relief under, that provision.
The following policy considerations support the court's construction of the bond for deed.
In order to protect the interests of an owner of real property which is the subject of a judicial sale, courts require that such property be appraised, after which courts seek to obtain the fair market value of such property, as established by appraisal, from such a sale. The court takes judicial notice of the commonly known fact that most purchases of real estate in Connecticut are financed, at least in part, with the proceeds of mortgages placed at the time of purchase. See Connecticut Code of Evidence §§ 2-1 (c), 2-2 (b); Azia v. DiLascia, 64 Conn. App. 540,559, 780 A.2d 992, cert. denied, 258 Conn. 914, 782 A.2d 1241 (2001). Adopting, arguendo, Silverstein's position that the bond for deed, and similarly drafted agreements, require a buyer to pay, in full, the purchase price for property which is sold at judicial sale at a moment in time when a committee may not be able to convey title would make it impossible for some potential buyers to obtain mortgage loans to finance such a purchase because one who does not yet have title to real estate cannot borrow against that real estate. That, in turn, will have the effect of discouraging potential buyers from entering into bonds for deed with committees for fear that deposits paid would be forfeited if the buyer's obligation to pay matures before the committee's obligation to sell matures, with the possible result that the buyer is unable to obtain mortgage financing when the time for acquiring title arrives. That, in turn, will have the effect of decreasing the pool of potential buyers at judicial sales, so that lesser demand may depress prices at judicial sales.
Similarly, a buyer whose obligation to pay matures before a deed can be tendered runs the risk that subsequent deed approval might be appealed and that, during the pendency of such an appeal, a tax (or other type of) foreclosure might be commenced and concluded, thereby depriving the buyer of the use of the already paid full purchase price during the pendency of the appeal, even though the buyer may never acquire title. This, too, CT Page 10533 could have a chilling effect on the court's desire to maximize the proceeds of judicial sales.
For the reasons discussed above, it is held that the bond for deed does not obligate the buyer to pay the balance of the purchase price until the time when title to the property is conveyed to him.
CONCLUSION
Silverstein's motion to void sale, dated May 2, 2002, is denied.
 ___________________ G. Levine, J.