CASWELL COVE CONDOMINIUM ASSOCIATION, INC.
*v.* MILFORD PARTNERS, INC.
(AC 19072)

Schaller, Mihalakos and Zarella, Js.

Argued February 25—officially released June 13, 2000

*Daniel Shepro*, with whom, on the brief, was *Heidi C. Clark*, for the appellant (defendant).

*Raymond A. Garcia*, with whom was *William S. Wilson II*, for the appellee (plaintiff).

*Opinion*

MIHALAKOS, J. The defendant land development company, Milford Partners, Inc., appeals from the judgment of the trial court quieting title to certain disputed real property in the plaintiff, Caswell Cove Condominium Association, Inc. The defendant, the successor declarant to the original declarant of a common interest community, claims that the court improperly (1) declared void the fourth amendment to the original declaration of condominium, (2) declared the fourteenth amendment to the declaration of condominium invalid and ineffective, and (3) denied the defendant's motion to strike for nonjoinder of necessary parties. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. This action arises from the defendant's withdrawal of approximately five acres of property (property) from the southern end of the forty-three acre common interest community known as Caswell Cove Condominium (condominium) in Milford and the defendant's attempt to establish an easement over the common areas of the condominium property. The plaintiff is the association of unit owners of the condominium. The condominiums were created by a declaration of condominium (declaration) recorded in the Milford land records on September 19, 1988, by the

original developer and declarant, Milford River Associates. Between July, 1990, and September, 1992, Milford River Associates was succeeded by the defendant.

The survey attached to the declaration, submitted as schedule A-3, depicted the location of thirteen potential building sites, five of which were required to be developed. These five buildings comprised four sections, designated as sections I, II, III and IV on the survey.[1]

Fourteen amendments to the declaration subsequently were recorded. The fourth amendment, specifically, reflected changes in the maximum number of units that might be built and added terms to address the construction, regulation and transfer of garage units while also amending several schedules to the declaration. Additionally, the fourth amendment had attached, as schedule A-3, a new survey that replaced the original survey. This amendment and the schedules were recorded in the land records. The amended survey accompanying the fourth amendment made significant changes in the declaration. It delineated only three developmental sections instead of four. Section IV, which previously had been designated "must be built," was redacted and withdrawn from the condominium, and the land formerly encompassed by this withdrawn area was reserved as the remaining lands of the defendant. Furthermore, a notation was added stating that the "[r]emainder of buildings, roads, recreational areas, parking areas and marina area as indicated need not be built at this time."

A fifth amendment to the declaration subsequently was recorded by the defendant, which added portions

---

[1] The survey noted that the section numbers were not to be construed as indicating the order in which the buildings would be built, and the declaration provided for the phasing of the developer's developmental rights, providing no assurances as to the order in which the developmental rights would be exercised, if at all.

of the land that had been removed from the condominium by the fourth amendment back into the condominium, and also made adjustments to the number of units to be constructed and revisions to the allocation of interests among the units. Additionally, the amended survey to the fourth amendment was further amended to reflect the defendant's exercise of its development rights. The amended survey to the fifth amendment reenacted section IV and delineated it as a phase that "must be built."

On September 19, 1995, the fourteenth amendment was recorded. It reserved a permanent easement across common areas of the condominium in favor of the remaining lands removed pursuant to the fourth amendment. Additionally, it stated that the remaining developmental rights, with respect to these lands, were withdrawn from the condominium.

On February 26, 1996, the plaintiff brought an action to challenge the defendant's exercise of its claimed developmental rights and the validity of the fourteenth amendment to the declaration. The plaintiff sought to quiet title to the withdrawn property and to have the related easement declared as being of no force and effect. The plaintiff also alleged that the defendant wilfully violated provisions of the Common Interest Ownership Act (act), General Statutes § 47-200 et seq., and the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The defendant thereafter unsuccessfully sought to have the plaintiff's complaint stricken as legally insufficient.

On October 16, 1998, the court rendered judgment quieting title to the property in the plaintiff, declaring the easement void and allowing for an award of attorney's fees pursuant to the act. The defendant then unsuccessfully moved for reargument and reconsideration. Later, the defendant sought an articulation from

the trial court, which was denied. This appeal followed. Additional facts will be discussed where relevant to this appeal.

I

The defendant first claims that the court improperly declared void the fourth amendment to the declaration, which expanded the defendant's developmental rights.[2] We disagree.

"The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *United Components, Inc.* v. *Wdowiak*, 239 Conn. 259, 263, 684 A.2d 693 (1996).

The evidence produced at trial by the defendant failed to satisfy the act, which controls the reservation of developmental rights. General Statutes § 47-228 (a) mandates that "[e]ach survey and plan . . . be clear and legible . . . ." Here, the court found that the amended survey and its legend attached to the fourth amendment clearly were illegible. Furthermore, § 47-228 (b) (3) requires each survey to show "a legally sufficient description of any real property subject to developmental rights, labeled to identify the rights applicable to each parcel . . . ." In this case, the amended survey did not contain any information from which one can determine a description of the property

[2] Although the plaintiff never specifically sought the voiding of the fourth amendment, in analyzing the evidence in a quiet title action, the court was required to consider the legal effect of this amendment.

that was removed. The court concluded that the fourth amendment to the declaration was void insofar as it might be interpreted as removing any real property from the condominium. In fact, the only property as to which the right to withdraw was reserved by the defendant was the "Point," a two acre parcel at the northern end of the property. Furthermore, § 47-228 (b) (3) requires the initial declaration to contain a description of any developmental rights and other special rights reserved by the declarant together with "a legally sufficient description of any real property" to which each of those rights applies. That did not occur in this case. Finally, General Statutes § 47-265 requires that the public offering statements, which were published for the condominium stating the respective rights of the declarant and the unit owners, must disclose *all* developmental rights to the extent that they exist. It is undisputed that there never was any specific disclosure in the declaration of the right to withdraw any property from the southern end of the condominium.

After weighing all the evidence produced at trial, the court concluded that the amended declaration and related legal descriptions and survey, schedule A-3, which was included as part of the fourth amendment, did not adequately describe the property removed. The court analyzed the relevant terms defined under both the act and the declaration, as well as the amendments to the declaration, and properly concluded that the fourth amendment to the declaration was void.

II

The defendant next claims that the court improperly declared invalid the fourteenth amendment to the declaration. We do not agree.

The fourteenth amendment to the declaration reserved a permanent easement across common areas of the condominium in favor of the remaining lands

removed pursuant to the fourth amendment. Because the words "without limitation"[3] were contained in the original declaration and there was no description of separate portions of real property subject to the right of withdrawal other than for the "Point" described in the fourth amendment, all the real property would be subject to General Statutes § 47-229 (d) (1), which provides in relevant part that "[i]f all the real property is subject to withdrawal, and the declaration does not describe separate portions of real property subject to that right, none of the real property may be withdrawn after a unit has been conveyed to a purchaser . . . ." Because we have determined that the fourth amendment was void and the fourteenth amendment relies on lands described in the fourth amendment, the fourteenth amendment is invalid.[4]

### III

The defendant's final claim is that the court improperly denied the defendant's motion to strike, which alleged that the plaintiff had failed to name as necessary parties the unit owners and the mortgagees having an interest in those units as well as in the common areas. We disagree.

Necessary parties are " '[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all

---

[3] Article VIII, § 8.1 (a), states in relevant part: "Additionally, without limitation, Declarant reserves the right to remove from the Common Interest Community a certain portion of real property, being no more than two acres and located on the most northern portion of the property."

[4] The plaintiff argues in its brief that the fourteenth amendment also was invalid because it failed to comply with the requirements of General Statutes § 47-228 (f). We will not consider this argument because we decide this case on the theory on which it was tried and decided in the trial court. See *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 120, 132, 464 A.2d 6 (1983).

the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.' *Shields* v. *Barrow*, [58 U.S. (17 How.) 130, 139, 15 L. Ed. 158 (1855)] . . . ." (Citations omitted.) *Sturman* v. *Socha*, 191 Conn. 1, 6–7, 463 A.2d 527 (1983). A party is deemed "necessary if its presence is absolutely required in order to assure a fair and equitable trial." (Internal quotation marks omitted.) *Biro* v. *Hill*, 214 Conn. 1, 6, 570 A.2d 182 (1990).

"When the complaint alleges all facts necessary to show that a party not joined is necessary to the action, [a motion to strike] is . . . used to raise a defect apparent on the face of the pleadings." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 105, pp. 430–31; see Practice Book § 10-39 (c); *George* v. *St. Ann's Church*, 182 Conn. 322, 324, 438 A.2d 97 (1980). In reviewing a ruling on a motion to strike, we take the facts to be those alleged in the complaint, construed in a manner most favorable to sustaining the complaint's legal sufficiency. *Biro* v. *Hill*, supra, 214 Conn. 2. In this case, there is nothing in the record that indicates that either the unit owners or mortgagees are necessary parties to this action.

General Statutes § 47-244 (a) provides in relevant part that "the association . . . may . . . (4) [i]nstitute, defend or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community . . . ." That statute contains no exceptions or limitations on a condominium association's authority to act on behalf of the unit owners as long as at least two unit owners agree. *Candlewood Landing Condominium Assn., Inc.* v. *New Milford*, 44 Conn. App. 107, 111, 686 A.2d 1007 (1997) (condomin-

ium association has standing to appeal tax assessment of common areas on behalf of unit owners).

We conclude that the court was correct in determining that the unit owners were not necessary parties and that the plaintiff was authorized to initiate this action in its own name and on behalf of the unit owners. We also conclude that the court correctly determined that the mortgagees were not necessary parties in that their interest is derivative of that of the unit owners.

The judgment is affirmed.

In this opinion the other judges concurred.