[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 117)
This action arises out of a dispute between the plaintiffs, individual property owners in Fairfield, Connecticut, and the defendants, Lantern Point Association, a Fairfield condominium association, and individuals who either own or lease individual units located within Lantern Point. In the amended complaint of April 17, 2001, the plaintiffs allege the association has control over the common areas of the condominium community and that various parties, events, and social gatherings held in the common areas have interfered with the plaintiffs' use and enjoyment of their properties and have caused their properties to depreciate in value. The plaintiffs claim that this conduct constitutes a nuisance, has and will cause them irreparable injury, and that they do not have an adequate remedy at law. As to the individual defendants, the plaintiffs allege the unit owners and their tenants "may claim an interest in this matter and/or be adversely affected by it." The plaintiffs seek a temporary and permanent injunction prohibiting such conduct, damages, and other relief.
Before the court is a motion to strike by two of the defendants who are unit owners, A. David Banks IV and Thomas A. Berry. Banks and Berry contend that the complaint should stricken as it pertains to them on the ground of misjoinder. They assert the plaintiffs fail to allege that they, as unit owners, have any jurisdiction, supervision, or control over the common areas and that they cannot be held liable for conduct which occurs in those areas pursuant to General Statutes § 47-253. The plaintiffs have filed an opposing memorandum of law in which they contend the motion should be denied because Banks and Berry failed to serve copies of their motion and memorandum on all of the numerous parties to the action and because Banks and Berry are both necessary and indispensable parties pursuant both to their status as unit owners and an order of the court.
The following procedural history is relevant to the resolution of this motion. In their original complaint, the plaintiffs named only the Association as a defendant. The Association filed a motion to strike the CT Page 2418 original complaint on the ground that resident tenants were indispensable parties to the plaintiffs' action for an injunction. The court, Skolnick,J., denied the motion on April 2, 2001. On April 2, 2001, four tenants filed a motion to intervene on the ground their leasehold interests could be affected by the court's action. Opposing that motion, the plaintiffs argued the tenants did not have a property interest to be affected by this action. On April 2, 2001, the court, Skolnick, J., granted the motion to intervene and ordered the plaintiffs to:
 . . . amend their Complaint to state facts showing the interest of the Unit Owners whose names and addresses appear on Schedule A which is incorporated herein and attached hereto and the Defendant Tenants whose names and addresses appear on Schedule B which is incorporated herein and attached hereto and summon them to appear in this action on or before the second day following April 24, 2001.
The names of both Banks and Berry appear on Schedule A. The plaintiffs filed the amended complaint. The issue before this court is whether Berry and Banks are necessary and indispensable parties to this action and whether there is misjoinder.
"A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual finding by the trial court."Jewish Home for the Elderly of Fairfield County, Inc. v. Cantore,257 Conn. 531, 537-38 (2001). The motion to strike "admits all facts well pleaded. . . . The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Citations omitted; internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Jewish Homefor the Elderly of Fairfield County, Inc., supra, at 538.
"Naming an improper person as a party in a legal action constitutes misjoinder. . . . The exclusive remedy for misjoinder of parties is by motion to strike. Practice Book § 11-3." Zanoni v. Hudon,42 Conn. App. 70, 73 (1996).
Practice Book § 9-18 provides: "The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in. If a person not a CT Page 2419 party has an interest or title which the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party."[1] Connecticut courts have recognized a distinction between "necessary" and "indispensable" parties. In 1525 Highland Associates, LLCv. Lohl, 62 Conn. App. 612 (2001), cert. denied, 256 Conn. 919 (2001), our Appellate Court said it this way:
 Parties are considered indispensable when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final [disposition] may be . . . inconsistent with equity and good conscience. . . . Indispensable parties must be joined because due process principles make it essential that [such parties] be given notice and an opportunity to protect [their] interests by making [them] a party to the [action]. . . . Necessary parties, in contrast, are those [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. (Internal quotation marks omitted.) Id., at 618.
This view is consistent with the applicable Federal Rule 19 and with the leading federal case of Shields v. Barrows, 58 U.S. 130, 15 L.Ed. 158
(1854), wherein the Court defined "necessary" parties as "persons having an interest in the controversy and who ought to be made parties in order that the court may act" and "indispensable" parties as "persons who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."58 U.S., at 139.
The question whether Berry and Banks are "indispensable" parties requires an analysis of the condominium relationship in the context of tort liability as well as sections of the statutes that govern this relationship — i.e., provisions of the Common Interest Ownership CT Page 2420 Act (CIOA). The CIOA is codified in General Statutes §§ 47-200 et. seq.
General Statute § 47-202 (8) specifically defines a "condominium" as a "common interest community in which portions of the real property are designated for separate ownership and the remainder of the real property is designated for common ownership solely by the owners of those portions. A common interest community is not a condominium unless the common elements are vested in the unit owners." In the context of condominiums, common elements" means "all portions of the common interest community other than the units; and . . . any other interests in real property for the benefit of unit owners which are subject to the declaration." General Statute § 47-202 (4). Pursuant to these provisions, the individual unit owners own an interest in the common areas. Nevertheless, the Association, and not the unit owners, is responsible for "the use, maintenance, repair, replacement and modification of common elements." General Statutes § 47-244 (6).
Moreover, the unit owners cannot be held liable for damages that occur as a result of the use of the common areas solely on the basis of their status as owners because General Statute § 47-253 expressly provides, in relevant part: "Liability. (a) A unit owner is not liable, solely by reason of being a unit owner, for injury or damage arising out of the condition or use of the common elements. . . . (b) An action alleging a wrong by the association, including an action arising out of the condition or use of the common elements, may be maintained against the association and not against any unit owner. . . ." CIOA "is a comprehensive legislative scheme regulating all forms of common interest ownership that is largely modeled on the Uniform Common Interest Ownership Act." Nicotra Wieler Investment Management, Inc. v. Grower,207 Conn. 441, 447 (1988). "The Uniform Common Interest Ownership Act, in Section 3-113, provides, "[A]n action alleging a wrong done by an association must be brought against the association and not against any unit owner." Thus, the amendments to several sections of the CIOA, to include General Statute § 47-253, evidenced a legislative intent to adhere to the policy expressed by the drafters of the Uniform Act and to change the common law doctrine of joint and several liability by directing a plaintiff to sue a condominium association without suing each individual owner.[2]
Banks and Berry own an interest in the common areas as owners of individual units in Lantern Point. Though their interests may be affected by the plaintiffs' action, they cannot be held individually liable for the conduct which forms the basis of this action. The action can be completely determined without them and they are thus not indispensable parties. See also Caswell Cove Condominium Assn., Inc. v. MilfordCT Page 2421Partners, Inc., 58 Conn. App. 217 (2000), cert. denied, 254 Conn. 922
(2000), in which it was held that, pursuant to General Statute §47-244 (a), condominium unit owners are not necessary parties in a suit brought by the Association to quiet title and decide the validity of an easement. Id., at 224-25.
As to the plaintiffs' contention that Berry and Banks are indispensable parties pursuant to the earlier referenced Order of Skolnick, J., it is presumed they rely on the doctrine of the law of the case. "The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power." Breen v. Phelps, 186 Conn. 86, 99 (1982). "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is raised he has the same right to reconsider the question as if he had himself made the original decision. . . . According to the generally accepted view, one judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Citations omitted; internal quotation marks omitted.)Id., at 98-99.
The law of the case does not establish that Berry and Banks are indispensable parties for two reasons. First, in the Order relied upon by the plaintiffs, the court did not expressly determine the unit owners were indispensable parties. Second, to the extent that the previous Order can be construed to have determined that the unit owners are indispensable, this court may elect to depart from that determination.
The motion to strike the Amended Complaint as it pertains to Banks and Berry is granted.
B.J. SHEEDY, JUDGE