[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (MOTION NO. 199) AND OBJECTION THERETO (MOTION NO. 203)
In this matter, which despite having been brought to this courthouse just fifteen (15) months ago, now consumes six (6) individual file folders with the promise of more to follow, twenty-two (22) individually named defendants[1] have moved to strike the plaintiffs' Amended Verified Complaint of April 4, 2001. These defendants claim — as they have claimed in the past — the complaint is legally insufficient in that it: (a) requests relief against individuals who own or lease individual condominiums in a development known as Lantern Point in contravention of Connecticut General Statute § 47-253; and (b) it exceeds the scope of a prior Order of Skolnick, J. on April 5, 2001,[2]
and this court on February 14, 2002. The plaintiffs object to the motion to strike and re-assert some of the same grounds already briefed, argued and decided by this court in a ten page Memorandum of Decision dated CT Page 9197 February 14, 2002. This court there rejected the arguments of the plaintiffs that the individual owners or lessors were indispensable parties to this litigation. Contrary to the repeated assertion of the plaintiffs, Skolnick, J. never found these parties to be indispensable; in point of fact, that court did not address the distinction to be made between parties who were "necessary" because they had an interest in the litigation and parties who were "indispensable" because, in addition to having an interest in the controversy, they have such an interest that the court cannot do complete and final justice without affecting them. Furthermore, under Connecticut General Statute § 47-253, unit owners may not be held liable, solely for reason of such ownership, for injury or damage arising out of the condition or use of common elements. See also Caswell Cove Condominium Association, Inc. v. Milford Partners,Inc., 58 Conn. App. 217 (2000), cert. denied, 254 Conn. 922 (2000), in which it was held that condominium unit owners are not necessary parties in a suit brought by the Association to quiet title and decide the validity of an easement. Id., at 224-25. The plaintiffs do not, in their memorandum in opposition to this motion,[3] raise any new law or argument on this issue, and it is this court's hope the argument is not again raised in view of the time and attention already devoted to the issue. That argument is again rejected.
The plaintiffs do, however, raise two (2) new grounds in opposition. The first is that the defendants did not support their motion with a memorandum of law and, therefore, under Practice Book § 10-42(a), the motion is legally defective and must be denied. Technically, the plaintiffs are correct; yet, to decide this motion on that basis is to lend unwarranted dignity to form. In this case, adherence to the rule would require the defendants to file again a brief already filed in support of the very same motion to strike earlier filed by the same counsel on behalf of other individual defendants and to argue again what has already been argued and briefed. Moreover, the defendants attached to this motion a copy of this court's prior memorandum of decision on the same issues. This court sees no value to requiring the same counsel to file again the same memorandum and thereby necessitating the court to read again such memorandum for the possibility new information is included.[4] The objection to the motion to strike on this ground is overruled.
The second new argument by the plaintiffs is that these defendants have waived their right to file a motion to strike by virtue of having filed an answer dated September 10, 2001 (That answer is date stamped September 11, 2001, and docketed as motion no. 176.). The defendants have not replied to this argument.
Practice Book § 10-6 dictates the order of pleadings; the CT Page 9198 defendant's answer (and any special defenses) follows in order the filing of a motion to strike. Practice Book § 10-7 reads:
 In all cases, when the judicial authority does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section.
Thus, absent an earlier request to file a motion to strike out of order and the granting of the same or an unopposed withdrawal of such answer, the defendants have waived their right to later file a motion to strike.[5] The courts have been strict in their application of this rule. See cases cited in Practice Book Annotated, 1998, Volume 1, p. 331. The defendants had the just referenced options available to them had they wished to preserve their later right to file a motion to strike. They could additionally have filed a motion to extend their time to plead. Having done nothing to preserve their right to file this motion, the court cannot now aid them. This motion is, therefore, the inappropriate vehicle to challenge the complaint on behalf of these defendants. On this ground, the Motion to Strike is denied and the objection thereto sustained.
SHEEDY, J.