[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is moving for an award of attorney's fees against the defendant, pursuant to the court's March 19, 2002 decision, Martin, J.,
granting the plaintiffs motion for summary judgment, and on the ground that the defendant, by attempting to withdraw real property from the plaintiffs condominium community, Crystal Lake, violated the Common Interest Ownership Act (CIOA), General Statutes § 47-200, et seq., and the Declaration of Crystal Lake.
The plaintiff argues that it may be awarded attorney's fees without being required to show the defendant acted in wilful violation of CIOA. The defendant argues that wilful conduct is required for the plaintiff to recover attorney's fees pursuant to CIOA.
"The general rule of law known as the `American Rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) Rizzo Pool Co. v. DelGrosso, 240 Conn. 58, 72, 689 A.2d 1097 (1997). The plaintiffs are asserting their claim for attorney's fees pursuant to General Statutes § 47-200, et. seq. General Statutes § 47-278 (a) provides: "If a declarant or any other person subject to this chapter fails to comply with any of its provision or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief. Punitive damages may be awarded for wilful failure to comply with this chapter. The court may award court costs together with reasonable attorney's fees."
General Statutes § 47-212 (a) provides further that "[t]he remedies provided by this chapter shall be liberally administered to the end that the aggrieved party is put in as good a position as if the other party had fully performed, provided consequential, special or punitive damages may not be awarded except as specifically provided in this chapter or by CT Page 13805 other rule of law."
The legislative history of CIOA does not address whether a wilful violation is required for the court to award attorney's fees. Moreover, there are few cases determined on this exact issue. In those cases that have assessed damages to be awarded pursuant to § 47-278 (a), however, attorney's fees and punitive damages have been treated separately by the majority of courts, which have found that wilful violation of the statute is required for punitive damages, but not for attorney's fees and costs. See e.g., Grey v. Coastal States Holding Co.,22 Conn. App. 497, 578 A.2d 1080, cert. denied 216 Conn. 817, 580 A.2d 57
(1990); see also Caswell Cove Condominium Assn v. Milford Partners.Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 96 053458 (October 16, 1998, Curran, J.) aff'd on other grounds, 58 Conn. App. 217, 753 A.2d 361 (2000); but see Van Dyke v.Riverside Plaza, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 89 0101367 (December 9, 1993, Lewis, J.). The court finds that wilful conduct need not be shown for the court to award attorney's fees and costs pursuant to CIOA, General Statutes § 47-278 (a).
In accordance with the plaintiffs attorney's affidavit, the court awards $10,243 in attorney's fees.
D. Michael Hurley, JTR CT Page 13806